**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**RONDA SCOTT,**

    Plaintiff,

v.

**RITE AID OF GEORGIA, INC.,**

    Defendant.

Civil Action 7:11-CV-180 (HL)

**ORDER**

This case is before the Court on Defendant's Motion for Partial Judgment on the Pleadings (Doc. 7). For the reasons discussed below, the motion is granted, in part, and denied, in part.

**I.   BACKGROUND**

Plaintiff is a 45-year-old black female. She began working for Defendant on November 16, 2006 as a staff pharmacist.[1] Plaintiff was promoted to pharmacy manager in September of 2007.

Plaintiff applied six times to be promoted to the position of district pharmacy manager. She was never promoted to that position. On September 9, 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission

---

[1] According to Defendant, Plaintiff's employer was Eckerd Corporation d/b/a Rite Aid, not Rite Aid of Georgia, Inc.

("EEOC") in which she alleged she had been discriminated against based on her race and sex. She also claimed that she had been subjected to retaliation.

Plaintiff's employment was terminated on September 3, 2010. On September 23, 2010, Plaintiff filed an amended charge of discrimination in which she alleged race and sex discrimination and retaliation.

On December 23, 2011, Plaintiff filed the pending complaint in which she alleges she was discriminated against based on her race, sex, and age. According to Plaintiff, Defendant's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").

Defendant has now moved for partial judgment on the pleadings on Plaintiff's ADEA claim and on four of Plaintiff's Title VII claims.

## II.  RULE 12(c) STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Office for Escambia County, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation and quotations omitted). In considering a motion for

judgment on the pleadings, the court accepts as true the facts presented in the complaint and views them in the light most favorable to the nonmovant. Id.

Generally, on a Rule 12(c) motion, if matters outside the pleadings are presented to the court, the motion must be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). However, a court has discretion to consider documents outside the pleadings without converting a Rule 12(c) motion into a summary judgment motion if the court finds that two conditions are satisfied: (1) the document is central to the plaintiff's claims and (2) the authenticity of the document is unchallenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted).

The parties have asked the Court to take judicial notice of Plaintiff's August 7, 2009 EEOC intake questionnaire, September 9, 2009 EEOC charge, and September 23, 2010 amended EEOC charge. It is well established that a court may consider EEOC documents without converting a Rule 12 motion to dismiss into a motion for summary judgment. *See* Horne v. Potter, 392 Fed. Appx. 800, 802 (11th Cir. 2010); Cobb v. Marshall, 481 F.Supp.2d 1248, 1254 n. 2 (M.D. Ala. 2007). As the EEOC documents are central to Plaintiff's claim and are not subject to a dispute over authenticity, the Court will take judicial notice of the documents and consider them in ruling on Defendant's motion.

**III.   ANALYSIS**

    **A.   ADEA Claim**

Defendant first argues that Plaintiff's age discrimination claim brought pursuant to the ADEA must be dismissed because Plaintiff failed to exhaust her administrative remedies.

Prior to filing an ADEA claim, a plaintiff must first file a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1279 (11th Cir. 2004). The purpose of the exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Id. at 1279; *see also* Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir. 1989) ("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted).

The Court has closely reviewed the EEOC intake questionnaire and both charges of discrimination. On all three, Plaintiff checked the boxes indicating race discrimination, sex discrimination, and retaliation. She specifically alleges in the explanation section of all three documents that she was discriminated against based on her race and sex, and that she was subjected to retaliation. In contrast, Plaintiff did not check the age discrimination box on any of the EEOC documents, and made no mention of any discrimination based on age in any of the documents. This is more

than a "technical error" or simple failure to check the box indicating age discrimination as claimed by Plaintiff. Instead, it appears Plaintiff had no intention of making an age discrimination claim at the time she filed her charges with the EEOC.

The Court agrees with Defendant that Plaintiff's ADEA claim raised in her complaint must be dismissed. The age discrimination claim is clearly a new claim of discrimination separate from the claims listed in the EEOC intake questionnaire and charges. While "[j]udicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate," the age discrimination allegations do not merely amplify or clarify the claims in the EEOC charge. "Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate." Wu, 863 F.2d at 1547 (quoting Ray v. Freeman, 626 F.2d 439, 443 (5th Cir. 1980)).

As Plaintiff failed to properly exhaust her ADEA claim, Defendant's motion to dismiss is granted with respect to that claim.[2]

---

[2] Even if the Court found that Plaintiff exhausted her administrative remedies for her ADEA claim, the claim likely would have been dismissed as requested by Defendant under Rule 12(b)(6) for failure to state a claim. Plaintiff has alleged no facts that would constitute direct evidence of age discrimination. She also has not alleged sufficient facts that would constitute circumstantial evidence of age discrimination. In particular, Plaintiff has not alleged any facts that establish she was treated less favorably than a similarly situated individual outside her protected age class. In fact, Plaintiff makes no allegations about the ages of her alleged comparators at all.

**B.     Title VII Failure to Promote Claims**

  **1.     Time-barred claims**

As with an ADEA claim, before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). "The first step down this path is filing a timely charge of discrimination with the EEOC." Id. (citing 42 U.S.C. § 2000e-5(b)). "For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act." Id. (citing 42 U.S.C. § 2000e-5(e)(1)).

In her complaint, Plaintiff alleges she was passed over for promotions in December of 2008, March of 2009, June of 2009, September of 2009, October of 2009, and May of 2010.[3] Plaintiff filed her EEOC charge on September 9, 2009, which means only acts occurring on or after March 13, 2009 can fall within the scope of the charge. One problem the Court has encountered in ruling on this issue is that no specific dates have been given for any of the promotion claims. In fact, in her response to Defendant's motion, Plaintiff contends that the first discriminatory act occurred in mid-February of 2009, when Chip Stewart was hired instead of Plaintiff.

---

[3] Plaintiff mentions January of 2009 in her complaint, but that event appears to be the same as the March of 2009 event when Dominic Torchia was promoted to district pharmacy manager instead of Plaintiff. To give Plaintiff every benefit of the doubt, the Court will use the later of the two dates.

February of 2009 is not mentioned anywhere in Plaintiff's complaint; instead, the date mentioned in connection with Chip Stewart is December of 2008. Nevertheless, even using February 28, 2009 as the date Plaintiff was passed over for the promotion, it is clear that Plaintiff's failure to promote claim with regard to the hiring of Chip Stewart is time-barred.[4]

As for the five remaining failure to promote claims, without more specific information about the dates of the alleged discriminatory acts, the Court is not prepared to rule on their timeliness as a matter of law. However, if during discovery evidence is revealed that leads Defendant to believe any of the remaining claims are time-barred, Defendant may raise that argument in a dispositive motion.

### 2. Exhaustion of administrative remedies

Defendant also contends that the March 2009, September 2009, October 2009, and May 2010 failure to promote claims must be dismissed for failure to exhaust administrative remedies.

In her initial EEOC charge, Plaintiff stated that in July of 2009, she was discriminated against and denied a promotion to a pharmacy manager position. For purposes of this Order, the Court will assume the promotion referred to in the EEOC

---

[4] Contrary to Plaintiff's argument, the date that controls is the date the EEOC charge was filed, not the date the EEOC intake questionnaire was submitted. The intake questionnaire is not verified, and therefore cannot function as a charge for exhaustion purposes. *See* Francois v. Miami Dade County, Port of Miami, 432 Fed. Appx. 819, 822 (11th Cir. 2011) (charge not verified); Pijnenburg v. West Ga. Health Sys., Inc., 255 F.3d 1304, 1307 (11th Cir. 2001) (holding that an unsworn intake questionnaire did not meet the requirements for

charge is the same as the June of 2009 promotion referenced in Plaintiff's complaint. Plaintiff again references the July of 2009 promotion in her amended EEOC charge filed on September 23, 2010.

Plaintiff does not dispute that she did not raise the March, September, and October of 2009 and May of 2010 failure to promote claims separately with the EEOC prior to filing this lawsuit. Instead, she argues that because she filed her EEOC charge without the assistance of counsel, her charge should be liberally construed. She further argues that the other four promotion denials could reasonably have been expected to grow out of the original discrimination charge.

Plaintiff is correct that the Court must liberally construe an EEOC charge prepared without assistance from counsel. Even so, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Cotton v. G.S. Dev., 390 Fed. Appx. 875, 877 (11th Cir. 2010) (quoting Gregory, 355 F.3d at 1280 (quotations omitted)). "The issue before the Court is whether an investigation into [Plaintiff's] . . . EEOC Charge would have reasonably revealed the Title VII . . . discrimination" of which she now complains. Canty v. Fry's Elecs., Inc., 736 F.Supp.2d 1352, 1362 (N.D. Ga. 2010). Arguably, the investigation into the EEOC charges, both of which expressly alleged a failure to promote claim, would have revealed the alleged discrimination which occurred in March, September, and October of 2009 and May of 2010.

---

a validly filed charge).

Courts are "extremely reluctant to allow procedural technicalities to bar claims" of discrimination. Gregory, 355 F.3d at 1280. Accordingly, the scope of an EEOC complaint should not be strictly interpreted. Id. Unlike the ADEA claim, which is clearly a separate and discrete claim and cannot be said to "grow out of" the claims contained in the EEOC charges, the Court finds that the March 2009, September 2009, October 2009, and May 2010 failure to promote claims are "like or related to" the allegations contained in the EEOC charges. Id. Therefore, Plaintiff properly exhausted her administrative remedies, and Defendant is not entitled to judgment on the pleadings on this issue.

## IV. CONCLUSION

Defendant's Motion for Partial Judgment on the Pleadings (Doc. 7) is granted, in part, and denied, in part. Plaintiff's ADEA claim is dismissed. Plaintiff's failure to promote claim involving Chip Stewart is dismissed. The five remaining failure to promote claims will move forward.

**SO ORDERED**, this the 23rd day of April, 2012.

                              *s/ Hugh Lawson*
                              **HUGH LAWSON, SENIOR JUDGE**

mbh